UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-cv-00657-MOC-DCK

| | |
|---|---|
| ALESIA ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on the Government's motion to dismiss for lack of subject matter jurisdiction and untimeliness. (Doc. No. 7). Plaintiff opposes the Government's motion. (Doc. No. 10). Because the Court lacks jurisdiction, it must grant the Government's motion.

## I.  BACKGROUND

Plaintiff alleges that in October 2019, she was driving along Ballantyne Commons Parkway in Charlotte, North Carolina, when she was struck by a vehicle owned by the United States and operated by an employee of the United States Postal Service ("USPS"). Thirteen days later, Plaintiff sent a retention letter to the USPS. Three weeks afterwards, in early November 2019, the USPS responded to Plaintiff's counsel and explained how to properly submit an administrative claim. The USPS response included a blank Standard Form 95 ("SF-95") and emphasized that the back of that enclosure contained instructions on how to complete the form. Those instructions required Plaintiff to include a "**SUM CERTAIN**" and stated that the administrative claim would be invalid if that information was not received within two years.

Plaintiff responded with a partially completed SF-95, which the USPS received in late November. Plaintiff did not complete the "AMOUNT OF CLAIM" section of the SF-95 form,

1

including box 12d, which states that "[f]ailure to specify may cause forfeiture of your rights."[1] The USPS notified Plaintiff that her SF-95 was deficient in December 2019.

In late November 2021, Plaintiff sent to the USPS another letter with the same SF-95 dated 11/14/2019. The USPS responded in early December 2021, again notifying Plaintiff that the SF-95 was deficient as it did not contain a sum certain.

In May of 2022—two and a half years after the alleged collision—Plaintiff submitted a complete SF-95, accompanied by a "demand package." The complete SF-95 was dated 11/14/2019 but contained the sum of $26,713.86 in box 12b and $350,000 in box 12d. In her demand letter, Plaintiff alleged that she incurred $26,713.86 in medical expenses and requested an additional $350,000 to settle her claim.

In October 2022, the USPS denied Plaintiff's administrative claim. Specifically, the USPS concluded that Plaintiff's claim was received beyond the two-year statute of limitations for raising a tort claim against the United States. See 28 U.S.C. § 2401(b). Plaintiff requested reconsideration, which the USPS denied.

In October 2023, the Plaintiff sued in this Court. The Government now moves to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARD

This is a Court of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). Where the Court lacks subject matter jurisdiction, it must "dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). The Court must address the Government's jurisdictional (i.e., 12(b)(1)) motion first, because a FED. R. CIV. P. 12(b)(1)

---

[1] In lieu of a sum certain, Plaintiff wrote "all dr. info not available yet" in box 12d of her November 2019 SF-95.

motion attacks the Court's competence to address the merits. Hensley v. City of Charlotte, 2023 WL 2533083, at *1 (W.D.N.C. Mar. 15, 2023); Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.30[1] (3d ed. 1998)).

The party invoking the Court's jurisdiction—here, Plaintiff—bears the burden to establish subject matter jurisdiction. Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). Facing a 12(b)(1) motion to dismiss, the Court accepts the factual allegations in the challenged complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The Court may also consider evidence extrinsic to the complaint.[2] Lucas v. United States, No. 2:18-CV-59-FL, 2020 WL 3889444, at *2 (E.D.N.C. Feb. 3, 2020), report and recommendation adopted, No. 2:18-CV-59-FL, 2020 WL 1702224 (E.D.N.C. Apr. 7, 2020), aff'd, 823 F. App'x 176 (4th Cir. 2020). Because Plaintiff is invoking the Court's jurisdiction, and because exhausting administrative remedies is a jurisdictional prerequisite for Plaintiff's FTCA claim, McNeil v. United States, 508 U.S. 106, 113 (1993), Plaintiff bears the burden to prove exhaustion. GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987).

### III. ANALYSIS

The Federal Tort Claims Act ("FTCA") permits citizens to sue the United States in federal court for torts committed by government employees. 28 U.S.C. § 1346. The FTCA is

---

[2] Extrinsic evidence properly considered by the Court on a Rule 12(b) motion to dismiss includes "documents . . . incorporated by reference in the complaint," and "documents upon which the plaintiff's complaint necessarily relies." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011). Courts may also take judicial notice of public record materials, such as administrative claims and the SF-95. Thorne v. United States, No. 3:21-CV-50348, 2023 WL 6276509, at *5 (N.D. Ill. Sept. 26, 2023). By attaching the administrative claim denial to her Complaint, Plaintiff incorporated by reference her administrative claim.

3

both a cause of action and a limited waiver of federal sovereign immunity. Where a party fails to satisfy the FTCA's elements, they are barred by sovereign immunity from claiming damages from the federal government. Each of the FTCA's elements is therefore jurisdictional: if any element goes unsatisfied, the claim is barred by sovereign immunity, therefore un-redressable, and consequently not a "case or controversy" justiciable by an Article III tribunal.

The FTCA requires putative litigants to exhaust administrative remedies before filing suit. To satisfy the exhaustion element, FTCA claimants must present their claims to the appropriate federal agency, in writing, within two years of their claim's accrual. Ahmed v. U.S., 30 F.3d 514, 516 (4th Cir. 1994) (citing 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b)). An administrative claim is "presented" when the correct agency receives a completed SF-95 and a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). A claimant has not presented their claim—and thus not exhausted their administrative remedies—unless they articulate monetary damages as a sum certain. Ahmed, 30 F.3d at 517; 42 U.S.C. § 2675; 28 C.F.R. § 14.2.

The sum certain requirement is jurisdictional. Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Kokotis v. U.S., 223 F.3d 275, 278 (4th Cir. 2000); see Blake v. U.S., No. RDB-22-0540, 2023 WL 3173895, at * 3 (D. Md. May 1, 2023). If a claimant fails to articulate a sum certain, they have failed to exhaust their administrative remedies. If a claimant fails to exhaust their administrative remedies, they have failed to satisfy the elements of an FTCA claim. And if a claimant fails to establish the elements of an FTCA claim, the government retains sovereign immunity against suit, rendering the claim un-redressable and therefore jurisdictionally barred. Where a claimant fails to exhaust their administrative remedies by articulating a sum certain, the Court lacks jurisdictional competence to adjudicate their subsequent FTCA claim. U.S. v. Wong, 575 U.S. 402, 408–09 (2015); Ahmed, 30 F.3d 514;

Kokotis, 223 F.3d at 278 ("Importantly, '[r]equesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit.'").

The sum certain requirement of the FTCA's exhaustion element is not excused where a claimant is undergoing treatment or awaiting medical bills related to their claim. Ahmed, 30 F.3d at 517. Where treatment is ongoing, the claimant may instead amend the sum certain claimed any time between presenting the SF-95 and filing suit. Id. citing 28 U.S.C. § 2675(b); 32 C.F.R. § 750.28; Kokotis, 223 F.3d at 280 (quoting 39 C.F.R. §§ 912.3 and 912.5). If the claimant fails to exhaust their administrative remedies by tendering an administrative claim with a sum certain to the appropriate federal agency within the statute of limitations, subsequent amendment is futile. 28 U.S.C. § 2401(b); McNeil v. United States, 508 U.S. 106, 10713 (1993); Kokotis, 223 F.3d at 278.

"A claim under the Federal Tort Claims Act must be presented within two years from the date the claim accrues." 39 C.F.R. § 912.3(a). A tort claim—like Plaintiff's—accrues at the time of injury. Wilkinson v. U.S., 677 F.2d 998 (4th Cir. 1982); Henderson v. U.S., 785 F.2d 121, 126 (4th Cir. 1986). Plaintiff's counsel did not present her claim to the relevant federal agency by including a sum certain until May 12, 2022, more than six months after the two-year statute of limitations on Plaintiff's FTCA claim expired. Consequently, Plaintiff's FTCA claim is jurisdictionally barred.

Plaintiff's counsel raises policy arguments against the Court's application of the FTCA's presentation requirement and statute of limitations. These arguments are unavailing. First, Plaintiff's counsel contends that 28 C.F.R. § 14.2(a), requiring presentation of a sum certain,

5

"requires plaintiff's counsel to act in an entirely unethical manner." (Doc. No. 10 at 2). Not so.[3] Counsel's faulty conclusion is based on a flawed premise—that "[w]hen a claimant is still treating, there is simply no sum certain to her claim at that point." (Id. at 3). In fact, there is a sum certain—the amount of tort-related medical expenses incurred to the date of SF-95 presentation. Requiring Plaintiff's counsel to file an SF-95 with damages calculated to a sum certain, and to later amend the SF-95 with subsequently incurred damages, is hardly unethical.

Second, Plaintiff's counsel argues the FTCA statute of limitations should be equitably tolled. "'[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" Redlin v. United States, 921 F.3d 1133, 1140 (9th Cir. 2019) (quoting Credit Suisse Secs. (USA) LLC v. Simmonds, 566 U.S. 221, 227 (2012)); see Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is an "extraordinary" remedy limited to those occasions when "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

It is not unconscionable to enforce the limitation period here. The USPS repeatedly informed Plaintiff's counsel that exhaustion of administrative remedies required presentation of a sum certain. Plaintiff's counsel ignored those warnings. Nor did "extraordinary circumstances" prevent Plaintiff's counsel from presenting a sum certain to the USPS while his client continued treating. All personal injury attorneys are acquainted with the struggle of compiling medical and billing records from diverse treatment providers, each with a uniquely labyrinthine method of

---

[3] "Every limitations period embodies the possibility that a complaint must be filed before the claimant's knowledge is complete." Kokotis, 223 F.3d at 279 (citing Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946)).

processing third-party requests. If sluggish responses to records requests justified equitable tolling, the FTCA's statute of limitations would be the exception, not the rule. That cannot be. The FTCA operates as a limited waiver of sovereign immunity, so its notice requirement is strictly construed. United States v. Kubrick, 444 U.S. 111, 117–18 (1979).

## IV. CONCLUSION

> Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit.

Kokotis, 223 F. 3d at 278–79.

The Fourth Circuit's command is binding. The Court lacks jurisdiction over Plaintiff's FTCA claim because Plaintiff failed to present the USPS with a sum certain within the statute of limitations.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's motion to dismiss (Doc. No. 7) is **GRANTED** and this action is **DISMISSED** without prejudice.

*[Signature]*

Max O. Cogburn Jr
United States District Judge